[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2011
JOHN LEY
CLERK

No. 10-14623
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00258-ODE-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GASPAR CASTANEDA-PELEAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 26, 2011)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Gaspar Castañeda-Peleaz appeals his 37-month sentence, imposed at the

high end of the applicable Guideline range, after pleading guilty to one count of

re-entry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). Castañeda now contends that his 37-month sentence was substantively unreasonable because the district court placed undue weight on and improperly relied on his prior criminal conduct, which had already been included in calculating his Guideline range. Upon review of the record and consideration of the parties' briefs, we affirm Castañeda's sentence.

Castañeda's sentence fell at the top of the applicable 30–37 month range, and we ordinarily expect guideline sentences to be reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). Moreover, Castañeda's 37-month sentence was also well below the 20-year statutory maximum penalty. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (holding that the sentence was reasonable in part because it was well below the statutory maximum).

The district court did emphasize Castañeda's prior criminal convictions. However, the court also explicitly or implicitly referenced several other 18 U.S.C. § 3553(a) factors. For example, the court inquired about sentences for defendants in illegal re-entry cases with a criminal history category V. § 3553(a)(6). The court also discussed the need for deterrence, the need to protect the community, and the hope that incarceration would help Castañeda deal with his alcohol

addiction.  § 3553(a)(2)(B), (C), (D).  To Castañeda's benefit, the district court considered that Castañeda's family resides in Mexico, but ultimately determined that his family was not a sufficient deterrent to prevent a future attempt to re-enter the United States.

Therefore, although the court placed emphasis on Castañeda's prior convictions, it did not do so "single-mindedly" to the detriment of the other § 3553(a) factors.  *See United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (holding a sentence unreasonable when the court focused "single-mindedly" on restitution).  The weight to be given any particular factor is left to the sound discretion of the district court absent a clear error of judgment.  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).  Because Castañeda's sentence was supported by the § 3553(a) factors, the court did not commit a clear error of judgment in weighing those factors.  As the district court did not abuse its discretion, we affirm the sentence as reasonable.

**AFFIRMED.**